**Jerry Leon BROOKS, a/k/a James Andrew Johnson, Petitioner-Appellant,**

**v.**

**Joe S. HOPPER, Warden, et al., Respondents-Appellees.**

**James Louis ADKINS, Plaintiff-Appellant,**

**v.**

**Joe S. HOPPER, Warden, Georgia State Prison, Defendant-Appellee.**

Nos. 78–1809, 78–2284.

United States Court of Appeals, Fifth Circuit.

June 13, 1979.

Jerry Leon Brooks, pro se.

Jerry A. Rylee, Atlanta, Ga. (Court-appointed), for Brooks.

Robert S. Stubbs, II, Exec. Asst. Atty. Gen., Richard L. Chambers, 1st Asst. Atty. Gen., John C. Walden, Sr. Asst. Atty. Gen., Atlanta, Ga., for respondents-appellees in No. 78–1809.

James Louis Adkins, pro se.

Professor Fletcher N. Baldwin, Jr., Gainesville, Fla. (Court-appointed), for Adkins.

Arthur K. Bolton, Atty. Gen., Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondents-appellees in both cases.

Before TUTTLE, TJOFLAT and HILL, Circuit Judges.

TJOFLAT, Circuit Judge:

This is a consolidated appeal from the district court's denial of habeas corpus relief to two prisoners of the state of Georgia, James L. Adkins and Jerry Leon Brooks. Adkins and Brooks petitioned for relief pursuant to 28 U.S.C. § 2254 (1976) following the denial of their constitutional claims in state habeas corpus proceedings. For the reasons set forth below, we vacate and remand to the district court with the direction that it accord Adkins and Brooks a full evidentiary hearing for their claims.

On May 24, 1975, the V. V. Vick Jewelry Store in Columbus, Georgia, was robbed by three men. On January 27, 1976, Adkins, Brooks, and Walter H. Springer were indicted by the grand jury of Muscogee County, Georgia, and charged with five counts of armed robbery. They were arraigned on May 24, 1976. After a jury trial in the Superior Court of Muscogee County on June 2, 1976, the three were convicted on all five counts and sentenced to serve five consecutive life sentences in the Georgia State Penitentiary. No appeal was taken from these convictions.

Adkins, Brooks, and Springer were represented by one court appointed attorney, William S. Cain, at their trial. Prior to trial, Cain informed the trial court that a conflict of interest had apparently developed between the defendants and requested that separate attorneys be appointed for each. The court asked Cain to explain why he felt a conflict existed, but Cain refused to do so because of the attorney-client privilege. The court consequently denied the request for separate counsel.

At trial each defendant testified in his own behalf; each denied his guilt and stated that he was in Atlanta on the day of the robbery. Adkins was the last defendant to testify, and on cross-examination made several statements, which we shall discuss below, that form the basis for this appeal.

Following their convictions and subsequent incarceration, both Adkins and Brooks filed in the Superior Court of Tattnall County (the county where they were incarcerated) pro se petitions for habeas corpus alleging numerous constitutional bases for relief. One alleged ground for relief was a conflict of interest necessitating separate trial counsel for each defendant. The petitions were consolidated for hearing before a judge other than the one who presided at trial. At the hearing, which took place on November 29, 1976, and January 26, 1977, both Adkins and Brooks, who appeared without counsel, were asked to explain how their attorney had been placed in a conflict of interest at trial. Their response was merely that Adkins had testified that Brooks telephoned him from Columbus on the day of the robbery. Although this testimony tended to discredit Brooks, who claimed that he was in Atlanta on that day, the habeas court viewed it as a mere "conflict of testimony" and, on May 26, 1977, denied both parties relief on the conflict of interest claim (as well as the other grounds asserted in their petitions). Petitioners' subsequent applications to the Georgia Supreme Court for certificates of probable cause to appeal this disposition were denied.

Up to this point, Adkins and Brooks, who were without counsel at all times from their original convictions until after this appeal was lodged, had made only vague and conclusory explanations of why a conflict of interest existed at their trial. In their pro se applications for federal habeas corpus relief here on review, however, both have stated that one co-defendant had accused another co-defendant of committing the May 24, 1975, robbery. The district court, on February 9, 1978, dismissed these applications without a hearing; the court concluded that the record of the evidentiary hearing accorded Adkins and Brooks in the Superior Court of Tattnall County failed to disclose a constitutional violation. It found that "the findings of fact and the conclusions reached by the state habeas corpus court are fully supported by the evidence and . . . should not be disturbed." Adkins Record at 115; Brooks Record at

118. The district court, like the Tattnall County Superior Court, did not have before it a transcript of the petitioners' trial in the Muscogee County Superior Court.

Following the commencement of this appeal, counsel was appointed for both petitioners. Though the trial transcript is not in the record before us, Brooks's attorney quoted from a portion of it in his brief. This quotation is from Adkins's testimony on cross-examination by the state prosecutor. In that testimony Adkins revealed that Brooks telephoned him on the day of the robbery stating that he was then in Phenix City, Alabama (which is adjacent to Columbus, Georgia), and that "he [Brooks] had robbed V. V. Vick Jewelry and the police got the [getaway] car and he needed some help and wanted me to come pick him up." Supplemental Brief for Appellant Brooks at 11. Thus, Adkins directly accused his co-defendant of having admitted commission of the very robbery in question. If defense counsel had not previously been placed in a conflict of interest, this development by the prosecutor's cross-examination (a tack he was entitled to take) surely created one.

Neither the record on appeal nor the briefs disclose what transpired immediately following Adkins's revelation; we do not know, for example, whether defense counsel renewed his motion for separate counsel or moved for a mistrial (since the appointment of new counsel during the presentation of the defendants' cases would doubtless have been too late). We do know, from counsels' undisputed representations at oral argument, that Adkins made two other statements, presumably on cross-examination, indicating that (1) Brooks had lied when asked how long he had known Adkins, and (2) Brooks had burglarized Adkins's apartment prior to the robbery and thus obtained Adkins's notebook, which was discovered in the getaway car. We were also advised by counsel at oral argument that defense counsel made no attempt to challenge Adkins's incriminating testimony; that he refused to permit Brooks to retake the stand in rebuttal; and that he waived closing argument to the jury as to all defendants. Finally, defense counsel stood silent at sentencing.

Petitioners contend that the actions of defense counsel after Adkins incriminated Brooks on cross-examination were the product of counsel's insurmountable conflict of interest and operated to deny them the fair trial and effective assistance of counsel guaranteed by the constitution. Petitioners also contend that the merits of their constitutional claims are not to be measured by the sufficiency of defense counsel's pretrial motion for the appointment of separate counsel on conflict of interest grounds, a motion that may have been inadequate. They submit, and we agree, that a trial judge, faced with defense counsel in Mr. Cain's dilemma in the midst of the defenses' case, has a duty at least to make inquiry whether counsel is able to proceed further without substantially impairing the right of one of his clients to a full defense and a fair trial. This duty would seem to devolve upon a trial judge where, for example, it is apparent that the conflict of interest may preclude defense counsel from moving for a mistrial, it being to the strategic advantage of one of his clients to continue on but in the best interest of the other to abort the trial.

We therefore conclude that there is substantial merit in petitioners' constitutional claims stemming from their attorney's conflict of interest. *See Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); *Stephens v. United States,* 595 F.2d 1066 (5th Cir. 1979); *United States v. Medel,* 592 F.2d 1305, 1309–13 (5th Cir. 1979); *United States v. Alvarez,* 580 F.2d 1251 (5th Cir. 1978). The transcript of the original trial is crucial, of course, for a proper evaluation of these claims, since any decision must necessarily turn upon the events at trial. The district court has not considered the constitutional implications of the conflict of interest now articulated. Accordingly, we vacate its order denying the petitioners relief and remand the case for further proceedings consistent with this opinion.

VACATED and REMANDED.